# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| Michon Ross Couloute, ) | CASE NO. | 17-11479-SDB |
|    Debtor. ) | CHAPTER | 13 |
| ) | | |
| Michon Ross Couloute, ) | | |
|    Plaintiff, ) | | |
| ) | | |
| vs. ) | ADVERSARY NO. | |
| ) | | |
| Chattahoochee Shoals Investment Group, LLC,) | | |
|    Defendant. ) | | |

## COMPLAINT

**COMES NOW**, Michon Ross Couloute, and files this Complaint against Defendant pursuant to Bankruptcy Rule 7015 and Rule 15 of the Federal Rules of Civil Procedure. The Plaintiff respectfully shows the Court the following:

## JURISDICTION

1. That Ellen Brown filed a petition for relief under Chapter 13 in the United States Bankruptcy Court for the Southern District of Georgia, Augusta Division on October 3, 2017.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 105.

3. This Complaint involves the violation of 11 U.S.C. § 362 and is therefore a core proceeding.

4. That Chattahoochee Shoals Investment Group, LLC, hereinafter Defendant, filed a Dispossessory Affidavit against Plaintiff after Debtor's bankruptcy filing, and Defendant herein is subject to the jurisdiction of this Court.

5.      Defendant may be served with Summons, Notice of Conference and Complaint at Defendant's office upon their agent for service.

## VIOLATION OF THE AUTOMATIC STAY IMPOSED BY
## 11 U.S.C. § 362

6.      Plaintiff re-alleges and incorporates by reference each of the allegations of paragraphs one (1) through five (5).

7.      Since the filing of Debtor's Chapter 13 case and after the notice of commencement, Defendant served Plaintiff with a Dispossessory Affidavit demanding Plaintiff vacate her residence.  Plaintiff attaches a true and correct copy of the Dispossessory Affidavit as Exhibit 1.

8.      Despite the filing of the Chapter 13 case, Defendant has willfully, knowingly, and intentionally violated the provision of 11 U.S.C. § 362 by way of their lawsuit for eviction.

9.      The willful, knowing and intentional violation of the automatic stay resulted in the Plaintiff becoming upset and ill and incurring costs and expenses.

10.     Defendant has willfully, knowingly, and intentionally violated 11 U.S.C. § 362, and Plaintiff is entitled to actual damages, general damages totaling $3,000.00, plus attorney's fees and costs, and punitive damages to deter like action in the future.

11.     Plaintiff contacted her mortgage company prior to the filing of this lawsuit and was advised that they had not sold the note on Plaintiff's house.

12.     Plaintiff has received post-petition mortgage billing statements from Ocwen Mortgage and as such is unaware of Defendant's allegations of ownership of the note to 1432 Anthony Road, Augusta, Georgia 30904.

**WHEREFORE**, Plaintiff prays that process issue requiring the Defendant to answer this Complaint as required by law and that judgment be had against the Defendant for actual damages for violation of the automatic stay, for general damages in the amount of $3,000.00, for punitive damages for the intentional violation of 11 U.S.C. § 362, for costs and attorney's fees, for such other relief as this Court deems appropriate.

Respectfully submitted this 13 day of November, 2017.

/s/ Joseph E. Spires
Georgia Bar No. 672271
Attorney for Debtor/Plaintiff

Ward and Spires, L.L.C.
PO Box 1493
Augusta, GA 30903
(706) 724-2640